IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**MARCUS DEANGELO LEE AKA MARCUS DEANGELO JONES v.
STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County
No. 95-11561    James M. Lammey, Judge**

---

**No. W2009-00256-CCA-R3-PC  -  Filed August 18, 2009**

---


The Petitioner, Marcus Deangelo Lee, appeals the trial court's denial of his motion to reopen his petition for post-conviction relief. The State has filed a motion requesting that this Court dismiss the above-captioned appeal. This Court is without jurisdiction to consider the appeal as a motion to reopen a petition for post-conviction relief. Additionally, viewing the action as an original petition for post-conviction relief, the petition is time-barred. Accordingly, the action of the lower court is affirmed pursuant to Rule 20, Tennessee Rules of Criminal Procedure.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Camille R. McMullen, JJ. joined.

Ruchee Janardan Patel, Memphis, Tennessee, for the appellant Marcus Deangelo Lee.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.


**MEMORANDUM OPINION**

On December 11, 1995, the Petitioner, Marcus Deangelo Lee, entered a guilty plea to the unlawful possession of a deadly weapon, a class E felony. The Petitioner received a sentence of one year confinement at the county workhouse. No direct appeal of the sentence was taken. On May 8, 2006, the Petitioner filed a petition for writ of error coram nobis. The lower court dismissed the

1

petition on August 16, 2006. This Court affirmed the lower court's dismissal on May 31, 2007. See Marcus Deangelo Lee aka Marcus Jones v. State, No. W2006-02031-CCA-R3-CO, 2007 WL 1575220, *1 (Tenn. Crim. App., at Jackson, May 31, 2007).

On June 25, 2008, the Petitioner filed a motion to reopen his petition for post-conviction relief and "motion for belated appeal or post-conviction relief." As basis for relief, the Petitioner asserted that his guilty plea was not knowingly or voluntarily entered and that the evidence was insufficient to support his conviction. By order entered December 2, 2008, the lower court dismissed the Petitioner's motion to reopen. The trial court concluded that the Petitioner had failed to state a claim upon which a motion to reopen may be based. The trial court further concluded that, if considered as an original petition for post-conviction relief, the petition is time barred. On December 20, 2008, the Petitioner filed a notice of appeal document in the Shelby County Criminal Court appealing the lower court's denial of his motion to reopen.

The State has filed a motion to dismiss the above-captioned appeal. Specifically, the State contends that (1) the Petitioner failed to comply with the statutory prerequisites in seeking this Court's review of the denial of a motion to reopen a petition for post-conviction relief and (2) the petition fails to state a ground upon which to grant a motion to reopen a post-conviction petition.

## A. *Petition for Post-Conviction Relief*

The Petitioner's pleading in the trial court was captioned "Motion to Re-Open Case, and Motion for Belated Appeal or Post-Conviction Relief." It appears that the lower court treated the pleading as both an original petition for post-conviction relief and as a motion to reopen. The record before this Court fails to reflect that a prior petition for post-conviction relief was filed.

The Petitioner's conviction was entered on December 11, 1995. No direct appeal was taken from this conviction and sentence. His conviction became final thirty days after entry of the judgment. The 1995 Post-Conviction Procedure Act (The "Act") governs all petitions for post-conviction relief filed after May 10, 1995, and provides for the filing of petitions within one-year statute of "the date of the final action of the highest state appellate court to which an appeal is taken, or . . . the date on which the judgment became final." T.C.A. § 40-30-102(a). Except in very limited circumstances, it also mandates that "the right to file a petition . . . shall be extinguished upon the expiration of the [one-year] limitations period." Id.; see also T.C.A. § 40-30-102(b)(1-3). Under the Post-Conviction Procedure Act, the following exceptions to the statute of limitations are set forth: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See T.C.A. § 40-30-102(b)(1)-(3) (2003). The Petitioner has failed to assert any of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See T.C.A. § 40-30-106(g). Additionally, this Court concludes that this is not a case in which due process considerations require that the statute of limitations be tolled. See Williams v. State, 44 S.W.3d 464

2

(Tenn. 2001) (holding that strict application of the statute of limitations to cases in which a petitioner has been unilaterally deprived of the opportunity to seek second-tier review of his convictions through misrepresentations of his attorney may violate due process). For these reasons, the trial court, considering the petition as an original petition for post-conviction relief, properly concluded that the petition is time-barred.

In his brief, the Petitioner complains that the trial court erred by dismissing the petition after appointing counsel, but before review could be completed and an amended petition filed by counsel. The record reflects that the Petitioner filed a pro se petition for post-conviction relief/motion to reopen on June 25, 2008. The State filed a response to the petition on July 16, 2008. By order entered October 13, 2008, the lower court appointed private counsel to represent the Petitioner. On December 2, 2008, the lower court entered its order denying the petition as time-barred. The Petitioner had thirty (30) days from entry of the order appointing counsel in which to file an amended petition or notice that no amendment will be filed. See T.C.A. § 40-30-107(b)(2). The record fails to reflect that the Petitioner filed either an amended petition or a notice that no amendment would be filed. The lower court properly denied post-conviction relief by order entered December 2, 2008, more than thirty (30) days after the appointment of counsel.

### B. Motion to Re-Open Petition for Post-Conviction Relief

The Petitioner also captioned his pleading as a motion to reopen a petition for post-conviction relief. As a motion to re-open, the Petitioner's appeal fails for several reasons. First, in seeking review of the trial court's denial, a petitioner shall file, within ten days of the lower court's ruling, an *application in the Court of Criminal Appeals seeking permission to appeal*. See T.C.A. § 40-30-117(c)(2003) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). The application *shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* T.C.A. § 40-30-217(c)(emphasis added); see also Tenn. Sup. Ct. R. 28 § 10(b). While our supreme court has held that a pleading titled as a "notice of appeal" can be treated as an "application for permission to appeal," it "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002). In the present case, this Court cannot construe the notice of appeal document filed in the trial court as an application for permission to appeal under Graham. The notice of appeal document was not filed within ten days of the lower court's order; the Petitioner failed to attach the documents filed by both parties in the trial court; the Petitioner failed to file the order denying the motion to reopen; and the Petitioner filed the notice of appeal document in the lower court and not this Court. Moreover, the notice of appeal document fails to clearly delineate the reasons why this Court should grant review of the denial of the motion to reopen.

In order to obtain appellate review of the trial court's order, a petitioner *must* comply with the statutory requirements contained in section 40-30-117(c), Tennessee Code Annotated. The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. Neither the Post-

Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. This Court is without jurisdiction to entertain this matter as an appeal of a denial of a motion to reopen a petition for post-conviction relief.

Finally, even had the Petitioner properly invoked this Court's jurisdiction in this matter, a review of the motion to reopen reveals that the Petitioner has failed to allege a ground upon which such petition may be granted. Section 40-30-117, Tennessee Code Annotated, *see also* Tenn. Sup. Ct. R. 28 § 2(c), governs motions to reopen a post-conviction petition. A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that:

(1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or

(2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or

(3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

T.C.A. § 40-30-117(a)(1-3). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. T.C.A. § 40-30-117(a)(1). If the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. T.C.A. § 40-30-117(a)(3). The Petitioner alleges that his guilty plea was involuntarily entered and that the evidence is insufficient to support his conviction. The Petitioner's motion to reopen fails to allege a ground under which a post-conviction petition may be reopened.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**J.C. MCLIN, JUDGE**

4